UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLUB EXPLORIA, LLC and CLUB
EXPLORIA MANAGEMENT, LLC,

    Plaintiffs,

v.                                           Case No: 6:18-cv-576-Orl-28DCI

AARONSON, AUSTIN, P.A. and
AUSTIN N. AARONSON,

    Defendants.

## ORDER

Plaintiffs seek relief from this Court's October 21, 2019 Order (Doc. 87) dismissing their federal RICO claim with prejudice. (Mot. Recons., Doc. 125, filed December 24, 2019). Having considered Plaintiffs' motion, Defendants' Response (Doc. 137), the record, and governing law, the Court denies Plaintiffs' motion for reconsideration.

### I. Background

This case began in 2018 when Plaintiffs filed a Complaint (Doc. 1) alleging six counts under federal and state law. In March 2019, the Court entered an Order (Doc. 33) granting in part and denying in part Defendants' Motion to Dismiss Complaint With Prejudice (Doc. 18). Specifically, the Court dismissed Count V—a claim under Florida law for misleading advertising—with prejudice; dismissed Count II (the federal civil RICO claim) and Plaintiffs' prayer for declaratory relief without prejudice; and otherwise denied the motion. (See Doc. 33). As noted in that Order, a RICO "'pattern of racketeering activity' requires at least two acts of racketeering activity," 18 U.S.C. § 1961(5), and Plaintiffs

alleged mail fraud and wire fraud as RICO predicate acts in Count II, (Doc. 33 at 8). The Court concluded that Plaintiffs had not adequately alleged mail fraud, and the RICO count was dismissed without prejudice and with leave to amend. (Doc. 33 at 9 & 18).

Plaintiffs then filed an Amended Complaint (Doc. 39) repleading the RICO claim. This time, Plaintiffs asserted wire fraud and "engaging in monetary transactions in property derived from specified unlawful activity" under 18 U.S.C. § 1957 as the RICO predicate acts. (Doc. 39 ¶ 73). In April 2019, Defendants again moved to dismiss, arguing in part that in the RICO claim Plaintiffs had not pleaded that Defendants engaged "in a monetary transaction in criminally derived property of a value greater than $10,000" as required for a violation of 18 U.S.C. § 1957. (Doc. 41). In response to that argument, Plaintiffs maintained that in the Amended Complaint they did allege that Defendants had engaged in at least one such transaction. (Pls.' Resp., Doc. 46, at 7 (citing Am. Compl. ¶ 80)).

In an October 21, 2019 Order (Doc. 87), the Court granted in part and denied in part Defendants' second motion to dismiss; the RICO claim was dismissed with prejudice. The Court rejected Plaintiffs' assertion that they had pleaded a transaction of greater than $10,000; instead, the Court noted, Plaintiffs had only alleged transactions that "exceeded $10,000 in isolation or in the aggregate." (Doc. 87 at 4–5 (quoting Am. Compl. ¶ 80)). Because the statute requires "a transaction" in excess of $10,000 rather than an aggregation of transactions that exceeds $10,000, the Court again found Plaintiffs' RICO predicate act allegations lacking and dismissed Count II with prejudice. (Id. at 5).

More than two months later, on December 24, 2019, Plaintiffs filed the Motion for Reconsideration (Doc. 125) that is now before the Court. Plaintiffs assert that "[d]uring discovery," they uncovered evidence of monetary transactions in excess of $10,000, and

2

they ask the Court to "reconsider and alter" its Order dismissing the RICO claim with prejudice and allow them to again attempt to plead an actionable RICO count. (Doc. 125 at 1). Defendants oppose the motion. (Resp., Doc. 137).

II. **Discussion**

The Order (Doc. 87) dismissing Plaintiffs' RICO claim with prejudice was an order "that adjudicate[d] fewer than all the claims" in this case, and it "may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b); see also Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment (noting that "interlocutory judgments . . . are left subject to the complete power of the court rendering them to afford such relief from them as justice requires"). But the standards for amendment of a complaint—not mentioned in Plaintiff's motion—are also germane here.

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course at the beginning of a case. Otherwise, to amend a pleading before trial the pleader must have "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). And although "[t]he court should freely give leave when justice so requires," id., where, as here, a party seeks to amend after the deadline set in the Court's scheduling order,[1] the party must establish "good cause," see Fed. R. Civ. P. 16(b)(4); see also Case Management and Scheduling Order, Doc. 25, at 5 (noting that deadlines "will not be extended absent a showing of good cause"). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting

---

[1] The deadline for amendment of pleadings was August 6, 2018. (Doc. 25 at 1).

3

Fed. R. Civ. P. 16 advisory committee's note). Grounds for denial of a motion to amend include "undue delay, undue prejudice to the defendants, and futility of the amendment." Abramson v. Gonzalez, 949 F.2d 1567, 1581 (11th Cir. 1992).

Plaintiffs have not established good cause for leave to amend. They did not act with diligence in seeking relief from the Court's dismissal order; instead, they unduly delayed in doing so. The original deadline for filing summary judgment motions in this case was November 1, 2019. (See Case Management and Scheduling Order, Doc. 25, at 1). On October 30, 2019—nine days after the Court dismissed the RICO claim with prejudice and two days before the summary judgment deadline—Plaintiffs filed a motion to extend the summary judgment deadline "pending resolution of . . . four issues." (Doc. 93 at 1). Three of those issues pertained to pending motions—two related to discovery and one a motion to intervene filed by non-parties—and the fourth was described by Plaintiffs as "Plaintiffs' evaluation of grounds for filing a motion for reconsideration of the Court's October 21 Order." (Id.). Plaintiffs explained that they were "contemplating filing a motion for reconsideration" "based on the evidence uncovered during discovery." (Id. at 7). The Court granted that motion in part—extending the deadline for summary judgment motions to December 6, 2019, and removing the case from the April 2020 trial calendar. (Order, Doc. 94). The Court did not extend the deadline "pending resolution" of the issues identified by Plaintiffs.

Three days before the new summary judgment deadline, Plaintiffs again moved to extend that deadline based on the same four issues identified in the October 30 motion. (Mot., Doc. 105). This time, Plaintiffs described the fourth issue as "Plaintiffs' impending motion for reconsideration of the Courts' October 21 Order . . . that will be filed no later

4

than December 13, 2019." (Id. at 2). Plaintiffs stated in that motion that "Plaintiffs have been evaluating evidence in support of a motion for reconsideration" and that "[i]f Plaintiffs decide to file a motion for reconsideration, they will do so no later than December 13, 2019." (Id. at 3; see also id. at 7 (referring to "[i]n the event that Plaintiffs file a motion for reconsideration" and stating that "Plaintiffs will file any such motion for consideration [sic] no later than December 13, 2019")). The motion later reiterated that "Plaintiffs are considering filing a motion for reconsideration based on the evidence uncovered during months of discovery." (Id. at 6). Plaintiffs requested that the summary judgment deadline be extended "to allow Plaintiffs to file and receive a ruling on a motion for reconsideration." (Id. at 3).

On December 5, 2019, the Court granted in part Plaintiffs' second motion to extend the summary judgment deadline. (Order, Doc. 109). The Court extended the deadline until two weeks after rulings were issued on the motions identified in the first three of the four "issues" identified by Plaintiffs; the Court did not extend the deadline pending the potential filing of (and ruling on) a potential motion for reconsideration. (See id.). Plaintiffs' promised filing date of December 13 came and went without a motion for reconsideration being filed.

The assigned magistrate judge ruled on the last of the three pending issues on December 18, 2019, and summary judgment motions were thus due on January 2, 2020. On December 24, 2019, Plaintiffs filed their motion for reconsideration (Doc. 125). Both sides filed summary judgment motions on January 2, 2020, (Docs. 126 & 129), and Defendants responded to the motion for reconsideration on January 7, 2020, (Doc. 137).

In their motion for reconsideration, Plaintiffs vaguely refer to discovery disputes that

5

lasted into December 2019—apparently attempting to create the impression that those discovery disputes pertained to the discovery upon which their motion is based. But nowhere do Plaintiffs actually state this, and nowhere do Plaintiffs provide the date on which they received the discovery relevant to their request for leave to amend. On the other hand, Defendants assert that they provided the discovery on August 9—while the issue of the adequacy of the pleading of a $10,000 transaction was pending before the Court in Defendants' second motion to dismiss—yet Plaintiffs did not file their motion until December 24, more than two months after the Court ruled on the motion to dismiss (and at least two months after Plaintiffs began "contemplating" filing a motion for reconsideration) and more than four months after they apparently "discovered new evidence." (See Docs. 137 & 137-1). As Defendants aptly note, Plaintiffs provide no explanation for why they waited so long to seek "reconsideration" and leave to amend.[2]

At this point, the parties have already filed their summary judgment motions after the Court extended the deadline for doing so several times. Plaintiffs did not act diligently in pursuing amendment, and repleading of the dismissed RICO claim at this point would delay the case and be unfair to Defendants. Having not established good cause for their

---

[2] Because the Court's Order (Doc. 87) was not a final judgment, the standards of Federal Rules of Civil Procedure 59 and 60 are not controlling here; nevertheless, they are instructive. Rule 59 provides that motions for a new trial or to alter or amend a judgment "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b), (e). Plaintiffs' motion was filed more than sixty days after the October 21 Order. And Rule 60(b) provides for relief from a final judgment for reasons including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Here, Plaintiffs rely on purported "new evidence," but they had received that evidence long before they filed their motion. Plaintiffs would not be entitled to relief under Rule 59 or Rule 60, and they are not entitled to it under Rule 54(b) either.

6

late request for leave to amend, Plaintiffs will not be granted relief from this Court's dismissal of their RICO count.

## III. Conclusion

In accordance with the foregoing, it is **ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 125) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on February 11th, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record