# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CLUB EXPLORIA, LLC and CLUB EXPLORIA MANAGEMENT, LLC,**

        **Plaintiffs,**

v.                                                                                          Case No: 6:18-cv-576-JA-DCI

**AARONSON, AUSTIN, P.A. and AUSTIN N. AARONSON,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Opposed Motion for Entry of Judgment on Bill of Costs (Doc. 187)** |
| **FILED:** | **May 18, 2021** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.   Background

On November 12, 2020, the Clerk entered judgment (Doc. 169) in favor of Defendants after the Court entered an order (Doc. 168) granting Defendants' Motion for Summary Judgment (Doc. 126). On November 25, 2020, Defendants filed a Motion for Costs and attached thereto a proposed bill of costs (Docs. 171;171-3). Defendants supported their motion with a memorandum of law, an affidavit, and several exhibits. Docs. 171; 171-1; 171-2. Plaintiffs failed to respond to the Motion for Costs, and the Court deemed that motion unopposed. *See* Doc. 174 at 2. On

December 14, 2020, the Court entered an Order granting the Motion for Costs to the extent that the Clerk was directed to tax costs pursuant to Federal Rule of Civil Procedure 54(d)(1). *Id.* at 3. On December 15, 2020, the Clerk filed a Bill of Costs in the amount of $10,368.78 and included those costs "in the judgment." Doc. 175. On April 15, 2021, the Court entered an order denying Defendants' motion for a new trial (Doc. 183), and on May 6, 2021, Defendants filed a notice of appeal (Doc. 184).

Now before the Court is Defendants' Opposed Motion for Entry of Judgment on Bill of Costs. Doc. 187 (the Motion). Plaintiffs have filed a response in opposition. Doc. 188 (the Response).

## II. Discussion

In the Motion, Defendants state that they "have been unsuccessful in their restrained collection efforts thus far and should more aggressive efforts become necessary [and] would prefer to have a standalone judgment indicating the amount of taxed costs and the date when interest began accruing in accordance with 28 U.S.C. § 1961." Doc. 187 at 2. In support of this request, Defendants cite three cases wherein other courts entered a separate judgment for costs taxed plus interest. *See id.* at 3 (citing *Procaps S.A. v. Patheon Inc.*, No. 12-24356, 2016 U.S. Dist. LEXIS 32520 (S.D. Fla. Mar. 14, 2016) (granting motion to enter a separate cost judgment after ruling on cost application); *Brown v. Davis*, No. 3:13-cv-915, 2017 U.S. Dist. LEXIS 189727, at *8 (M.D. Fla. Oct. 23, 2017) (directing Clerk to tax Bill of Costs and then enter separate judgment for costs taxed pursuant to 28 U.S.C. § 1920 plus interest); *Schmitz v. Walgreens Co.*, No. 17-80478, 2018 U.S. Dist. LEXIS 11592, at *3 (S.D. Fla. Jan. 22, 2018) (granting motion for bill of costs then entering separate judgment in the amount of taxed costs plus interest).

In the Response, Plaintiffs argue that the Motion should be denied pending a decision in Plaintiffs' appeal "to avoid piecemeal litigation and conserve judicial resources." Doc. 188 at 2. This argument is not persuasive. Here, the Court need not decide, calculate, or award costs—the Court has already granted the Motion for Costs and the Clerk has already taxed costs. *See Procaps*, 2016 U.S. Dist. LEXIS 32520 at *3 ("It is certainly true that reversal of the summary judgment in Patheon's favor would render the costs judgment a nullity. But that point is also a truism--it could be said about every money judgment (or fees award or costs award) which the losing party has appealed. If the possibility of reversal was by itself sufficient to justify a stay or a delay in entering a money judgment, then there would never be need for a supersedeas bond (because all judgments would be stayed simply because the appeal could lead to a reversal, thereby rendering moot the appellant's obligation to pay the appellee).").

It is therefore unclear how denying the Motion will promote efficiency or avoid a potential waste of resources. Additionally, as Defendants point out, Plaintiffs have not moved to stay enforcement of the award, and to the extent they intended to do so here, without explicitly saying so, such an attempt is discernible by inference only, is made via an improper vehicle, and is totally unsupported. Finally, the undersigned declines to infer a legal basis for Plaintiffs' argument where none has been presented: Plaintiffs cite no relevant caselaw and do not address any of the cases cited by Defendants. *See* Doc. 188. Thus, the undersigned finds that the Motion is due to be granted.

### III.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Motion (Doc. 187) be **GRANTED** and the Clerk be directed to enter a separate judgment for costs in favor of Defendants

in the amount of $10,368.78, plus post-judgment interest for the period beginning November 11, 2020 continuing until the judgment is satisfied.

### **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 28, 2021.

                                                  DANIEL C. IRICK
                                                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy